IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAURENCE FITZPATRICK,

                OPINION AND ORDER

      Plaintiff,

                 13-cv-27-bbc

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is an appeal of an administrative decision denying plaintiff Laurence Fitzpatrick's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits. The administrative law judge concluded that plaintiff has severe impairments in the form of headaches, sleep apnea and a "right upper extremity impingement"; plaintiff has nonsevere impairments in the form of depression, anxiety and somatoform disorder; none of plaintiff's impairments meet or equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and plaintiff was not disabled because he had the residual functional capacity to perform both his past work as he actually performed it and a significant number of other jobs in the national economy.

   Plaintiff argues that the administrative law judge made several errors in his decision that require reversal: (1) he did not adequately consider the opinion of plaintiff's neurologist; (2) he did not adequately consider the severity of plaintiff's mental impairments;

(3) he did not update the medical opinions to take into account new evidence, as required by SSR 96-6p; and (4) he did not consider a finding of disability by another federal agency, as required by SSR 06-03p.  My tentative conclusion is that all of plaintiff's arguments fail because, regardless of any errors the administrative law judge may have made, plaintiff failed to show that he was unable to perform the job he had before he applied for social security benefits.  However, because the parties did not fully address this issue in their briefs, I will give them an opportunity to do so before deciding whether to affirm the administrative law judge's decision.

OPINION

Plaintiff argues first that the administrative law judge failed to give proper consideration to the opinion of plaintiff's neurologist, Richard Hutter.  In March 2011, Hutter placed plaintiff on temporary medical leave from his job as a claims representative because of his headaches.  AR 36.  In his report, Hutter stated that plaintiff had been suffering from "a chronic daily headache" since June 2009 that "varies from 6/10 to 8/10 in intensity" and has "shown no improvement" despite "multiple medication therapy efforts"; he "has difficulty concentrating because of these headaches" and complains of short-term memory loss.  AR 432.  Hutter concluded that "it would appear that [plaintiff's] medical condition is static with no expectation for recovery or remission, at least in the near future."  AR 433.  However, Hutter placed plaintiff on medical leave "with hopes that there might be some improvement when he is removed from his job situation."  AR 433.

In June 2011, Hutter evaluated plaintiff again. Hutter observed that plaintiff's headaches had "continue[d] unabated" despite his medical leave, ranging in severity from 4/10 to 10/10. AR 581. Hutter concluded that "it appears that [plaintiff's] headaches will remain severe enough that he will be unable to sustain full-time employment over the next 12 months" because of the likelihood that his headaches would "require frequent rest periods during workdays" and would require him to miss at least four days of work each month. AR 581.

The administrative law judge gave "only partial weight" to Hutter's March 2011 report because of its alleged "internal inconsistency." AR 38. In particular, Hutter "states that there is no expectation of recovery or remission of symptoms, yet on the other hand, he places [plaintiff] on medical leave in hopes of improvement." Id. Similarly, the administrative law judge gave "only partial weight" to Hutter's June 2011 conclusion that plaintiff could not maintain full-time employment. The administrative law judge reasoned that plaintiff had been able to work for two years with his headaches and that there was no evidence that his headaches had gotten worse during that time or after he stopped working. Id. In addition, the administrative law judge noted that plaintiff had been able to "remain in the alpaca business" despite his headaches. Id.

If the administrative law judge declines to give controlling weight to the opinion of a treating physician, he must give a sound explanation" for doing so. Punzio v. Astrue, 630 F.3d 704, 709-10 (7th Cir. 2011). With respect to the March 2011 report, I agree with plaintiff that it is not "internally inconsistent" for a physician to say that he has no

3

"expectation" that a patient will recover from a chronic condition but to still try different forms of treatment. Under the administrative law judge's view, Hutter simply should have stopped trying to help plaintiff when the chances of significant improvement seemed small.

However, the administrative law judge was on stronger ground in relying on plaintiff's past work to reject Hutter's conclusion in June 2011 that plaintiff's headaches would prevent him from maintaining full-time employment. Plaintiff does not argue that the administrative law judge was wrong to find that plaintiff's headaches had not gotten worse since 2009. Instead, he argues that the administrative law judge failed to consider the fact that he had missed an average of one day a week because of his headaches and he cites testimony of the vocational expert that a person who misses three or more days of work each month would not be able to maintain a full time job. AR 80-81.

The problem with plaintiff's argument is that he overlooks his *own* job. As the administrative law judge pointed out in discussing plaintiff's credibility, plaintiff often made up for missed work between 2009 and 2011 by working more at different times. AR 37-38. Plaintiff does not challenge the administrative law judge's finding that plaintiff "received no admonitions regarding his work performance," AR 37, and he does not identify any reason why he would have been unable to continue with a similar schedule that accommodated his limitations. Further, plaintiff does not argue that he was working purely out of financial necessity and thus that his past work is not a true indicator of his ability.

Under SSR 82-61, "a claimant will be found to be 'not disabled' when it is determined that he or she retains the [ability] to perform . . .[t]he actual functional demands

4

and job duties of a particular past relevant job." Because plaintiff has the burden to show that he cannot perform his past relevant work, Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995), plaintiff's failure to point to any evidence that he was unable to perform his previous job is dispositive on this issue. This makes it unnecessary to decide whether the administrative law judge was correct to rely on plaintiff's alpaca business as evidence that he could work full time. Accordingly, I conclude that the administrative law judge did not err in declining to give more weight to Hutter's conclusion that plaintiff would be unable to maintain full-time employment.

A finding that plaintiff has failed to meet his burden to show that he could not perform his past relevant work suggests that plaintiff cannot win on his other arguments either. Regardless whether the administrative law judge was wrong about the extent of plaintiff's mental impairments, failed to elicit an updated medical opinion or failed to consider another agency's opinion, it is not clear how any of that matters if the undisputed facts show that plaintiff could perform his previous job despite his impairments. However, because the parties did not address this issue in their briefs with respect to the other three alleged errors, I will give them an opportunity to do so before making a final decision.

ORDER

IT IS ORDERED that the parties may have until December 19, 2013, to show cause why the administrative law judge's decision should not be affirmed in light of the tentative conclusions in this opinion. If plaintiff Laurence Fitzpatrick does not respond by December

19,2013, I will direct the clerk of court to enter judgment in favor of the commissioner.

Entered this 4th day of December, 2013.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge