IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAURENCE FITZPATRICK,

                                                    OPINION AND ORDER

         Plaintiff,

                                                    13-cv-27-bbc

    v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated December 4, 2013, dkt. #20, I directed plaintiff Laurence Fitzpatrick to show cause why the administrative law judge's decision denying plaintiff's claim for disability benefits should not be affirmed on the ground that plaintiff failed to show that he was unable to perform his past relevant work. Under SSR 82-61, "a claimant will be found to be 'not disabled' when it is determined that he or she retains the [ability] to perform . . .[t]he actual functional demands and job duties of a particular past relevant job."

The administrative law judge found that plaintiff could perform his past job as a claims representative, noting that plaintiff had kept that job for two years after his alleged disability onset date in 2009 and had not alleged that his impairments (primarily headaches) had gotten worse during that time. Although the administrative law judge acknowledged that plaintiff had missed work because of his impairments, he found that plaintiff often

1

made up for missed work between 2009 and 2011 by working more at different times and that plaintiff "received no admonitions regarding his work performance." AR 37-38.

In his response, plaintiff still does not argue that he was working purely out of financial necessity (and thus that his past work is not a true indicator of his ability) and he does not identify any reason why he would have been unable to continue with a similar schedule that accommodated his limitations.  Instead, he relies on a June 2011 statement from his treating physician that his "headaches will remain severe enough that he will be unable to sustain full-time employment over the next 12 months" because of the likelihood that his headaches would "require frequent rest periods during workdays" and would require him to miss at least four days of work each month.  AR 581.  However, as explained in the December 4 order, this statement is not helpful because it does not account for plaintiff's ability to maintain his full time job for two years despite the lack of any change in his condition and it does not account for the accommodations plaintiff received at his job. Plaintiff's physician did not suggest in his statement that plaintiff would miss more work in the future than he had in the past.

Alternatively, plaintiff argues that his job as a claims representative does not qualify as past relevant work under the Social Security regulations because it was not "substantial gainful activity."  20 C.F.R. 404.1565(a) ("Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity.").  He cites 20 C.F.R. 404.1573(c) for the

proposition that a job may not qualify as "substantial gainful activity" if it is performed under "special conditions":

> (c) If your work is done under special conditions. The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital. If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity. Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity. However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level. Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which--
>
> (1) You required and received special assistance from other employees in performing your work;
>
> (2) You were allowed to work irregular hours or take frequent rest periods;
>
> (3) You were provided with special equipment or were assigned work especially suited to your impairment;
>
> (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
>
> (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
>
> (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

Plaintiff relies solely on the second factor, which is whether the employee was "allowed to work irregular hours or take frequent rest periods."

Plaintiff's alternative argument cannot carry the day for him.  To begin with, a finding

3

that a claimant worked under "special conditions" does not mean that a claimant did not engage in past relevant work.  As the regulation itself states, "work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(c).  If § 404.1573(c) were interpreted to mean that past work is not substantial if an employee receives any accommodations from his employer, it would conflict with the requirement in SSR 82-61 to consider a claimant's ability to maintain a past job as he actually performed it. Moreover, it would make little sense to read the regulation in a way that would permit an employee to quit his job and seek disability benefits even if he is capable of maintaining indefinitely the job he has.

The most reasonable interpretation of § 404.1573(c) is that it applies when the accommodations are so great that the employee is keeping his position only through the employer's grace rather than because of any valuable service provided to the employer.  Tyra v. Secretary of Health & Human Services, 896 F.2d 1024, 1031 (6th Cir. 1990) (rejecting argument that "special conditions" apply under § 404.1573(c) when claimant's supervisor "indicated that claimant's assigned duties were consistent and important to the overall effectiveness of our daily operations" and vocational expert testified that he did not consider claimant's job to be "make-shift" work); O'Neal v. Commissioner of Social Security, 1:12-CV-246, 2013 WL 620377 (S.D. Ohio Feb. 19, 2013) report and recommendation adopted, 1:12-CV-00246, 2013 WL 1438005 (S.D. Ohio Apr. 9, 2013) (suggesting that § 404.1573(c) may apply when past work was "created solely to allow plaintiff the opportunity to work regardless of whether he provided a valuable service to his employer"); Sharkey v.

Commissioner, Social Security Administration, CV 07-176-S-LMB, 2008 WL 3289267 (D. Idaho Aug. 8, 2008) (upholding administrative decision that plaintiff could perform past relevant work despite evidence that plaintiff received accommodations); Brown v. Barnhart, 410 F. Supp. 2d 1287, 1299 (S.D. Fla. 2006) (§ 404.1573(c) may apply when claimant has "fictional position" that does not require him to "perfor[m] any meaningful work"); Roberts v. Apfel, 27 F. Supp. 2d 1295, 1299 (N.D. Ala. 1998) ("the work done must be real work for profit" to qualify as substantial gainful activity).  Plaintiff cites no cases in which a court ordered a remand in a social security case to determine whether "special conditions" exist simply because an employee received accommodations to his schedule.

In any event, plaintiff did not argue before the administrative law judge that his job as a claims representative should not qualify as past relevant work and he did not raise that issue in his opening brief or his reply brief with this court.  Accordingly, that issue is forfeited.  Damato v. Sullivan, 945 F.2d 982, 988 (7th Cir. 1991).


ORDER

IT IS ORDERED that plaintiff Laurence Fitzpatrick's motion for summary judgment is DENIED and the decision of the commissioner is AFFIRMED.  The clerk of court is

directed to enter judgment in favor of the commissioner and close this case.

Entered this 31st day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge